ELLA WOODRUFF, ADMINISTRATRIX OF THE ESTATE OF JOSEPH E.
WOODRUFF, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

MILITARY SERVICE—*contracting disease causing death.* Claimant's intestate, a member of the Illinois National Guard died while on duty, and orders of Commander-in-Chief, from menengitis directly induced by severe exposure in the discharge of his duty. *Held,* that claim does not fall within the provisions of Section 154, Chapter 129, Hurd's Rev. St. (Sec. II, Art. 16, Military & Naval Code.)

SAME—*construction of Section 154.* The words of the statute "that if an enlisted man shall be injured, wounded or killed "does not include the death of the soldier resulting from illness which does not arise or grow out of an injury or wound sustained by him while on duty.

Edward J. Brundage, Attorney General, for State.

This is a claim by the administratrix of the estate of Joseph E. Woodruff, deceased, for an award on account of his death at Springfield, Illinois on October 7th, 1917, while he was a member of Co. B, 9th Inf. I. N. G., on duty and under orders.

It appears that his death occurred from menengitis and we are justified in a finding that his illness was directly induced by severe exposure while on duty. The claimant sets up in her brief Chapter 129, Sec. 154 Hurd's Revised Statutes, 1917, as the law which supports her demand. We are however of the opinion that the facts in this case do not disclose a right to claim under this statute. The words of the statute are "that if an enlisted man shall be injured, wounded or killed." The death of the soldier in this case resulted from an illness which did not grow out of injury or a wound. However, the evidence discloses that the mother of the soldier who is also the administratrix, claimant here, was in good part dependent upon him.

It is the oponion of the Court that while the facts do not disclose a right in the claimant to a demand upon the State under the Statute cited, yet the Court in view of the principals of equity and social justice for the furtherance of which this tribunal was established is justified in making an award in this case. It is the opinion of the Court, however that this award should go solely to the mother of the deceased, and we therefore award the claimant Ella Woodruff, administratrix, the sum of seventeen hundred fifty dollars for the exclusive use and benefit of Ella Woodruff, mother of the deceased.